### HACKETT v. ROCKINGHAM COUNTY.

A committee, appointed by a county convention of representatives to execute an unauthorized vote of the convention, requiring the committee to act in conjunction with ·the county commissioners in making purchases for the use of the county farm, cannot employ counsel at the expense of the county to try the question of authority.

ASSUMPSIT, by William H. Y. Hackett against the county of Rockingham, for professional services as an attorney, rendered at the request of the defendants in *Brown* v. *Reding*, 50 N. H. 336, in defending that suit.   The court reserved the question whether the defendants in that suit had authority to employ counsel to defend it at the expense of the county.   The facts sufficiently appear in the opinion of the court.

*Hatch*, for the plaintiff, besides taking several positions which are referred to in the opinion, contended that it was the duty of the defendants in *Brown* v. *Reding* to ascertain the limits of their authority, as well as to perform the duties of their appointment, and that they were entitled to prosecute or defend suits for that purpose ; that the convention could employ counsel for such purposes directly, or by their committee ; and that, it not being certain that the county commissioners

would refuse such assistance, the convention might lawfully appoint a committee to confer and act with them, even in matters over which the commissioners have exclusive control.

*Small* and *Frink*, for the defendants, contended that the defendants in *Brown* v. *Reding* were not officers of the county, and had no public duty to perform and no interests of the county to protect; and that, even if they had been agents of the county, but mistook their legal rights and attempted to usurp powers they did not possess, they must bear the consequences resulting from such mistake.

HIBBARD, J. The defendants, in the action in defence of which the services were rendered for which the plaintiff seeks to recover, were permitted, under a vote passed by the county convention of representatives appointing them a committee for the purpose, to purchase land for a county farm, and to erect an alms-house thereon,—all of which was without lawful authority, the county convention having power only to authorize the county commissioners to act in the matter. *Brown* v. *Reding*, 50 N. H. 347.

The committee also claimed to be authorized, by virtue of a vote of the convention, to act in conjunction with the commissioners in the purchase of stock, tools, and necessary articles for the use of the farm; but the commissioners disputed their authority to do this, and brought the before mentioned action to try the question of authority,—and the court decided that the committee possessed no such authority. If the committee had a right to defend that action at the expense of the county, we are unable to perceive any limit to the right of such a committee to try the question of authority, at the expense of the county, in every case in which they may attempt to exercise unauthorized powers by virtue of void votes of a county convention. Had the controversy arisen in consequence of an attempt of the committee, under a vote of the convention, to act in conjunction with the commissioners in the management of the county farm, or in providing for the care of paupers, we do not see that their right to litigate the question of authority at the expense of the county would have been any less than in the present instance.

If the committee, in discharging duties they had authority to perform for the county, had become involved in litigation, they could have prosecuted or defended at the expense of the county; and it would not have been material whether they were successful or unsuccessful, provided that they acted in good faith.

*Cushing* v. *Stoughton*, 6 Cush. 389, in which, where a town appointed a committee for an illegal purpose, with authority to defend all actions growing out of the same at the expense of the town, and the committee employed counsel accordingly, by whom professional services were rendered in defence of such an action, it was held that the town was liable for the services rendered, may seem to shed some light on the case before us; but in that case the plaintiff was employed by a

committee who acted under the direct authority of the town,—while in this, the committee by whom the plaintiff was employed, though they may have acted in good faith, supposing their authority to be ample, were really mere intruders, claiming to have authority, but possessing none whatever, to act on behalf of the county.

This committee might have avoided incurring expense by not claiming powers they did not possess by law. They would have incurred but little if any expense had they abandoned the claim as soon as the litigation arose. But they chose to ascertain, through a decision of the court, whether they possessed the authority which they desired to exercise; and the court having decided that they did not, it is but justice to hold that the expense of litigation incurred by them shall be borne by themselves.

That the commissioners, instead of proceeding by *quo warranto* as they should have done, brought a bill in equity which they could not sustain, although they prevailed upon the merits, obviously does not affect the liability of the county for expenses of the litigation other than taxable costs.

The authority of this committee to employ counsel has been likened to that of an executor, trustee, or agent, but we do not discover any parallel between the two cases.

It does not appear in this case that the county convention took any action on the subject of employing counsel, if any should be needed; but we do not rest our decision upon that ground.

Our conclusion is, that the defendants in *Brown* v. *Reding* had no authority to employ counsel to defend that suit at the expense of the county.        *Case discharged.*